John Christopher Jaczko, State Bar No. 149317
Allison H. Goddard, State Bar No. 211098
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 550-6150
Fax: (858) 225-3500
cjaczko@jaczkogoddard.com
agoddard@jaczkogoddard.com

Timothy J. Haller (*Pro Hac Vice*)
Gregory P. Casimer (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Nicholas M. Dudziak (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL  60602
Telephone:  (312) 236-0733
Fax:  (312) 236-3137

**Attorneys for Defendants AUTOBYTEL, INC., AUTOBYTEL 1 CORP., f/k/a AVV, INC. AND DOMINION ENTERPRISES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSWEB CORPORATION, LEADPOINT, INC., INTERNET BRANDS, INC. AND AUTO INTERNET MARKETING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AUTOBYTEL, INC., AUTOBYTEL 1 CORP., F/K/A AVV, INC., DOMINION ENTERPRISES, RETENTION PERFORMANCE MARKETING, INC. AND ONECOMMAND INC.<br><br>Defendants. | Case No. 08cv0447 WQH LSP<br><br>**ANSWER AND COUNTERCLAIMS OF AUTOBYTEL, INC., AUTOBYTEL 1 CORP., F/K/A AVV, INC. AND DOMINION ENTERPRISES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Defendants Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and Dominion Enterprises (collectively, the "Autobytel Defendants") hereby respond for themselves and no other defendants to the Second Amended Complaint of Plaintiffs InsWeb Corporation, Leadpoint, Inc., Internet Brands, Inc. and Auto Internet Marketing, Inc. (collectively, "Plaintiffs"), filed on June 16, 2008, as follows:

## ANSWER

## NATURE OF ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281.

**ANSWER:** Autobytel Defendants admit that Plaintiffs' Second Amended Complaint purports to state a claim arising under the patent laws of the United States, but deny Plaintiffs' Second Amended Complaint states a valid claim.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**ANSWER:** Autobytel Defendants admit that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States, but deny Plaintiffs' Second Amended Complaint states a valid claim.

3. Defendants are subject to personal jurisdiction in this judicial district because, upon information and belief, each Defendant has transacted and is transacting business and has regularly solicited and is soliciting business in California and specifically in this district.

**ANSWER:** Admitted.

4. Defendants are also subject to personal jurisdiction in this judicial district because, upon information and belief, each Defendant has committed and/or is committing acts of infringement in this judicial district.

**ANSWER:** Denied.

///

///

5. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b), as each defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this judicial district.

**ANSWER:** Admitted.

### PLAINTIFFS AND THE PATENT-IN-SUIT

6. The patent-in-suit is United States Patent No. 6,898,597 ("the '597 patent"), entitled "Event Log" (Exhibit A). The '597 patent was filed on November 9, 1999 and issued on May 24, 2005.

**ANSWER:** Autobytel Defendants admit that a copy of United States Patent No. 6,898,597 ("the '597 patent"), entitled "Event Log" is attached as Exhibit A to Plaintiffs' Second Amended Complaint. Autobytel Defendants further admit that the '597 patent indicates that it was filed on November 9, 1999 and issued on May 24, 2005.

7. InsWeb is a corporation organized and existing under the laws of the State of Delaware and has its principal offices at 11290 Pyrites Way, Suite 200, Gold River, California 95670. Plaintiff LeadPoint is a Delaware Corporation with its principal offices at 1661 San Vincente Boulevard, Suite 800, Los Angeles, California 90049. Internet Brands is a Delaware Corporation with its principal offices at 909 North Sepulveda Boulevard, 11th Floor, El Segundo, California 90245. AIM is a Corporation with its principal offices at 2495 Enterprise Road, Suite 201, Clearwater, Florida 33763.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

8. Plaintiffs are co-owners of all rights, title, and interest in and each has standing to sue for infringement of the '597 patent.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

9. Plaintiffs have complied with the requirements of 35 U.S.C. § 287 to the extent such requirements are applicable to this suit.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

///

///

**DEFENDANT AUTOBYTEL**

10.  Defendant Autobytel is a Delaware corporation with its principal place of business at 18872 MacArthur Boulevard, Irvine, California 92612. Defendant Autobytel may be served through its registered agent for service of process, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER:** Admitted.

11.  Defendant Autobytel, directly or by and through its subsidiaries, agents, representatives, and/or assignees, marketed and/or sold the WebControl internet lead management software product ("WebControl") and marketed and/or sold its Retention Performance Marketing technology ("RPM technology") (collectively, WebControl and the RPM technology shall be referred to herein as the "Technology").

**ANSWER:** Admitted that prior to January 23, 2008 Autobytel Inc. marketed and/or sold WebControl, after which Dominion Enterprises marketed and/or sold WebControl. Also admitted that up until June 29, 2007, Autobytel, Inc. marketed and/or sold RPM Technology; otherwise, denied.

12.  Upon information and belief, Defendant Autobytel, directly or through its agents, representatives, and/or assignees, has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent. Defendant Autobytel's infringing activities have occurred at least through the operation, sale, and/or promotion of the Technology.

**ANSWER:** Denied.

13.  Autobytel's acts of infringement have injured Plaintiffs. Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Denied.

14.  Autobytel, by and through its wholly-owned subsidiary, Defendant AVV, purported to sell assets infringing on Plaintiffs' '597 patent, including but not limited to purported rights in the Web Control technology, to Defendant Dominion Enterprises pursuant to an Asset Purchase Agreement dated January 23, 2008. In connection with the sale, certain contracts relating to AVV's business were assigned to Defendant Dominion Enterprises. The purchase price pursuant to that agreement was $22,750,000. Autobytel, by and through its affiliated business, Defendant RPM, sold its Retention Performance Marketing business, including but not limited to purported rights in the RPM technology infringing on Plaintiffs' '597 patent to Defendant One Command (formerly known as Call Command) pursuant to a

1  Stock Purchase Agreement dated June 29, 2007.  In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand.  The purchase price pursuant to that agreement was $7,660,840.

**ANSWER:**  Autobytel Defendants admit that pursuant to an Asset Purchase Agreement, dated January 23, 2008, AVV sold certain assets to Dominion Enterprises.  Autobytel Defendants also admit that certain contracts relating to AVV's business were assigned to Dominion Enterprises pursuant to such Asset Purchase Agreement.  Autobytel Defendants further admit that the purchase price pursuant to the Asset Purchase Agreement was $22,750,000, subject to a working capital adjustment of approximately $1,036,254.  Autobytel Defendants admit that pursuant to a Stock Purchase Agreement dated June 29, 2007, Autobytel, sold 100% of the outstanding capital stock of Retention Performance Marketing, Inc., Autobytel's then-subsidiary, including RPM's Retention Performance Marketing business and the related RPM Technology, to Defendant OneCommand (formerly known as Call Command).  Autobytel Defendants also admit that certain contracts related to RPM's business were assigned to Defendant OneCommand.  Autobytel Defendants further admit that that the purchase price pursuant to that agreement was  $7,000,000, plus a working capital adjustment of approximately $687,719.  All other allegations of this paragraph are denied.

### DEFENDANT AVV

15. Defendant Autbobytel I Corporation is a Delaware corporation formerly known as AVV, Inc. and referred to herein as "AVV."  AVV is a wholly-owned subsidiary of Defendant Autobytel.  Upon information and belief, AVV's principal place of business is 9200 Worthington Road, Westerville, Ohio 43082. Defendant AVV may be served through its registered agent for service of process, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER:**  Admitted that Autbobytel I Corporation is a Delaware corporation formerly known as AVV, Inc. and is a wholly-owned subsidiary of Defendant Autobytel, Inc. which may be served through its registered agent for service of process, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.  All other allegations of this paragraph are denied.

///

///

16.    Defendant AVV, directly or by and through its parent, agents, representatives, and/or assignees, developed, marketed, and/or sold the WebControl internet lead management software product ("WebControl").

**ANSWER:**    Autobytel Defendants admit that up until January 23, 2008, AVV, directly or by and through its parent, agents, representatives, and/or assignees, developed, marketed, and/or sold WebControl.

17.    Upon information and belief, AVV has infringed one or more claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent.  AVV's infringing activities have occurred at least through the creation, operation, sale, and/or promotion of WebControl.

**ANSWER:**    Denied.

18.    Pursuant to an Asset Purchase agreement dated January 23, 2008, Defendant AVV purported to sell assets infringing on Plaintiffs' '597 patent, including but not limited to WebControl, to Defendant Dominion Enterprises.  In connection with the sale, certain contracts relating to AVV's business were assigned to Defendant Dominion Enterprises.  The purchase price pursuant to that agreement was $22,750,000.

**ANSWER:**    Autobytel Defendants admit that pursuant to an Asset Purchase Agreement dated January 23, 2008, AVV sold certain assets to Dominion Enterprises.  Autobytel Defendants also admit that certain contracts relating to AVV's business were assigned to Dominion Enterprises pursuant to an Asset Purchase Agreement.  Autobytel Defendants further admit that the purchase price pursuant to the Asset Purchase Agreement was $22,750,000, subject to a working capital adjustment of approximately $1,036,254.  All other allegations of this paragraph are denied.

## **DEFENDANT DOMINION ENTERPRISES**

19.    On information and belief, Defendant Dominion Enterprises is a general partnership organized under the laws of the State of Virginia.

**ANSWER:**    Admitted.

///

///

20.     Dominion Enterprises entered into an Asset Purchase Agreement with Defendants Autobytel and AVV on or about January 23, 2008, for a purchase price of $22,750,000.

**ANSWER:**     Autobytel Defendants admit that that the purchase price pursuant to the aforementioned Asset Purchase Agreement was $22,750,000, subject to a working capital adjustment of approximately $1,036,254.

21.     (Paragraph 21 omitted by Plaintiffs).

22.     Pursuant to that agreement, Dominion Enterprises purchased from Defendants Autobytel and AVV certain assets, including but not limited to the WebControl internet lead management software product ("WebControl"), that infringes on the invention that is the subject of the '597 patent. Certain contracts relating to AVV's business were also assigned to Dominion Enterprises in connection with that agreement.

**ANSWER:**     Autobytel Defendants admit that pursuant to an Asset Purchase Agreement dated January 23, 2008, Dominion Enterprises purchased certain assets from AVV. Autobytel Defendants also admit that certain contracts relating to AVV's business were assigned to Dominion Enterprises pursuant to an Asset Purchase Agreement. All other allegations of this paragraph are denied.

23.     Upon information and belief, Dominion Enterprises has infringed one or more claims of the '597 patent in violation of 35 US.C. §271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent. Dominion Enterprises' infringing activities have occurred at least through the operation, sale, and/or promotion of the WebControl software.

**ANSWER:**     Denied.

24.     Upon information and belief, Defendant Dominion Enterprises continues to promote, advertise, offer for sale and sell the infringing products, including WebControl.

**ANSWER:**     Admitted that Defendant Dominion Enterprises promotes, advertises, offers for sale and sells WebControl; all other allegations of this paragraph are denied.

///

///

///

25. Dominion Enterprises' acts of infringement have injured Plaintiffs. Accordingly, Plaintiffs are entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Denied.

26. Dominion Enterprises' acts of infringement will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the claimed inventions in the '597 patent.

**ANSWER:** Denied.

### DEFENDANT RPM

27. Defendant Retention Performance Marketing, Inc. ("RPM") is a Delaware corporation with its principal place of business at 1892 MacArthur Boulevard, Suite 200, Irvine, California 92612. Defendant RPM may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

28. Defendant RPM, directly or by and through its subsidiaries, agents, representatives, and/or assignees, marketed and/or sold the infringing RPM technology.

**ANSWER:** Defendant Autobytel, Inc. admits that when RPM was a subsidiary of Autobytel, Inc. prior to June 29, 2007, RPM marketed and/or sold the RPM Technology; all other allegations in this paragraph are denied. The other Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore these allegations are denied.

29. Upon information and belief, Defendant RPM, directly or through its agents, representatives, and/or assignees, has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent. Defendant RPM's infringing activities have occurred at least through the operation, sale, and/or promotion of the RPM technology.

**ANSWER:** Answering on behalf of Autobytel, Inc. when RPM was a subsidiary of Autobytel, Inc. prior to June 29, 2007, denied. The other Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore these allegations are denied.

30. RPM's acts of infringement have injured Plaintiffs. Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Answering on behalf of Autobytel, Inc. when RPM was a subsidiary of Autobytel, Inc. prior to June 29, 2007, denied. The other Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore these allegations are denied.

31. RPM purported to sell its Retention Performance Marketing business, including the purported interest in the RPM technology infringing on Plaintiffs' '597 patent, to Defendant OneCommand pursuant to a Stock Purchase Agreement dated June 29, 2007. In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand. The purchase price pursuant to that agreement was $7,660,840.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

## DEFENDANT ONECOMMAND

32. On Information and belief, Defendant OneCommand, Inc., formerly known as Call Command, Inc. ("OneCommand") is a Delaware corporation that may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

33. OneCommand entered into a Stock Purchase Agreement with Defendants Autobytel and RPM on or about June 29, 2007 for a purchase price of $7,660,840.

**ANSWER:** Answering on behalf of Autobytel, Inc. when RPM was a subsidiary of Autobytel, Inc. prior to June 29, 2007; it is admitted that on June 29, 2007, Autobytel, Inc. entered into a Stock Purchase Agreement between with Call Command for the purchase price of $7,000,000 with a working capital adjustment of $687,719. The other Autobytel Defendants are

without sufficient information to admit or deny these allegations, therefore these allegations are denied.

34. Pursuant to that agreement, OneCommand purchased from Defendant Autobytel and RPM certain assets, including but not limited to a purported interest in the RPM technology that infringes on the invention that is the subject of the '597 patent. In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand.

**ANSWER:** Answering on behalf of Autobytel, Inc. when RPM was a subsidiary of Autobytel, Inc. prior to June 29, 2007; it is admitted that pursuant to a Stock Purchase Agreement, Call Command purchased certain assets and in connection with the sale, certain contracts relating to RPM's business were assigned; all other allegations in this paragraph are denied. The other Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore these allegations are denied.

35. Upon information and belief, OneCommand has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent. OneCommand's infringing activities have occurred at least through the operation, sale, and/or promotion of the RPM technology.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

36. Upon information and belief, Defendant OneCommand continues to promote, advertise, offer for sale and sell the infringing products, including the RPM technology.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

37. OneCommand's acts of infringement have injured Plaintiffs. Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

///

///

38. OneCommand's acts of infringement will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the claimed inventions in the '597 patent.

**ANSWER:** Autobytel Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

## **AFFIRMATIVE DEFENSES**

Autobytel Defendants assert the following Affirmative Defenses against Plaintiffs' claims and reserve the right to further amend its responses as additional information becomes available:

1. Autobytel, Inc., Autobytel 1 Corp. f/k/a AVV, Inc. and/or Dominion Enterprises has not and do not infringe any valid claim of the '597 patent, nor has Autobytel, Inc., Autobytel 1 Corp. f/k/a AVV, Inc. and/or Dominion Enterprises knowingly contributed to or induced the infringement of others by willfully and intentionally aiding, assisting and encouraging the alleged infringement of the '597 patent.

2. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §102(a) on the ground that the claimed invention was "known or used" by others prior to the alleged invention thereof by the named inventor of said patent.

3. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §102(b) on the ground that the claimed invention was patented, described in a printed publication, in public use or was on sale more than one year prior to the date of the application for patent.

4. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §103 on the ground that the claimed invention would have been obvious to one of ordinary skill in the art at the time the invention was made.

5. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the inventors failed to disclose the best mode to practice the invention.

6. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the patent is not enabling.

7. The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the claims are indefinite and that the written description is inadequate.

8. Plaintiffs are estopped from construing any claim of the '597 patent to cover or include any product, process, device, component or structure made, used, sold or offered for sale by Defendants because of positions taken during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '597 patent.

9. Defendants adopt and incorporate herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available. No affirmative defense is waived.

## COUNTERCLAIMS

Counter-Plaintiffs, Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and/or Dominion Enterprises (collectively "Counter-Plaintiffs"), allege the following Counterclaims against Counter-Defendants, InsWeb Corporation, Leadpoint, Inc., Internet Brands, Inc. and Auto Internet Marketing, Inc. ("InsWeb"), as follows:

## PARTIES

1. Autobytel, Inc. is a Delaware corporation with its principal place of business at 18872 MacArthur Boulevard, Irvine, California 92612.

2. Autbobytel I Corporation is a Delaware corporation formerly known as AVV, Inc. with a principal place of business 18872 MacArthur Boulevard, Irvine, California 92612.

3. Dominion Enterprises is a general partnership organized under the law of the state of Virginia with its principal place of business at 150 Granby Street, Norfolk, Virginia 23510.

4. Upon information and belief, InsWeb Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal offices at 11290 Pyrites Way, Suite 200, Gold River, California 95670.

5. Upon information and belief, LeadPoint, Inc. is a Delaware Corporation with its principal offices at 1661 San Vincente Boulevard, Suite 800, Los Angeles, California 90049.

6. Upon information and belief, Internet Brands, Inc. is a Delaware Corporation with its principal offices at 909 North Sepulveda Boulevard, 11th Floor, El Segundo, California 90245.

7. Upon information and belief, Auto Internet Marketing, Inc. is a Corporation with its principal offices at 2495 Enterprise Road, Suite 201, Clearwater, Florida 33763.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a). By its Second Amended Complaint, InsWeb has submitted itself to the jurisdiction and venue of this Court and has created an actual controversy with Counter-Plaintiffs. Venue in the district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9. On information and belief, InsWeb owns all of the substantial rights in U.S. Patent 6,898,597 for an alleged invention entitled "Event Log."

## FIRST COUNTERCLAIM

(Declaratory Judgment for Non-Infringement of the '597 Patent)

10. Counter-Plaintiffs re-allege and incorporate herein by reference the allegations of paragraphs 1-5 above as though fully set forth.

11. InsWeb has filed suit against Counter-Plaintiffs and others alleging in its Second Amended Complaint that Counter-Plaintiffs have infringed the '597 patent. As a result of the filing of the lawsuit and these allegations, Counter-Plaintiffs have a reasonable apprehension that InsWeb will continue to assert the '597 patent against Counter-Plaintiffs.

12. Counter-Plaintiffs have not infringed, and are not infringing, whether directly, indirectly, contributorily or by inducement, or otherwise, any valid claims of the '597 patent.

13. An actual and justiciable controversy exists between Counter-Plaintiffs and InsWeb regarding Counter-Plaintiffs' non-infringement of the '597 patent that is within the jurisdiction of this Court.

14. By reason of the foregoing, Counter-Plaintiffs are entitled to a declaratory judgment by this Court that Counter-Plaintiffs do not infringe any claim of the '597 patent.

## SECOND COUNTERCLAIM

(Declaratory Judgment for Invalidity of the '597 Patent)

15. Counter-Plaintiffs re-allege and incorporate herein by reference the allegations of paragraphs 1-10 above as though fully set forth.

16. InsWeb has filed suit against Counter-Plaintiffs and others alleging in its Second Amended Complaint that Counter-Plaintiffs have infringed the '597 patent. As a result of the filing of the lawsuit and these allegations, Counter-Plaintiffs have a reasonable apprehension that InsWeb will continue to assert the '597 patent against Counter-Plaintiffs.

17. One or more claims of the '597 patent are invalid under one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

18. An actual and justiciable controversy exists between Counter-Plaintiffs and InsWeb regarding the invalidity of the '597 patent that is within the jurisdiction of this Court.

19. Based upon the foregoing, Counter-Plaintiffs are entitled to a declaratory judgment by this Court that one or more claims of the '597 patent is invalid.

**JURY DEMAND**

Counter-Plaintiffs demand a trial by jury on all issues properly triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and/or Dominion Enterprises request the following relief:

    A.    Dismissal of InsWeb's Second Amended Complaint, with prejudice, including an award to Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and Dominion Enterprises of their reasonable costs and attorneys' fees;

    B.    A declaration that Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and Dominion Enterprises have not infringed, induced infringement or contributed to the infringement of any claim of the '597 patent;

    C.    A declaration that the '597 patent is invalid and/or unenforceable;

    D.    Judgment in favor of Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and Dominion Enterprises on all of InsWeb's claims;

///
///
///
///
///
///
///
///

E. A declaration that this case is exceptional and an award to Autobytel, Inc., Autobytel 1 Corp., f/k/a AVV, Inc. and Dominion Enterprises of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

F. Such other and further relief as this Court and/or a jury may deem proper and just.

Dated: July 7, 2008                    JACZKO GODDARD LLP
                                       NIRO, SCAVONE, HALLER & NIRO

                                By:    s/Allison H. Goddard
                                       Allison H. Goddard
                                       Attorneys for Defendants

**JURY DEMAND**

Counter-Plaintiffs demand a trial by jury on all issues properly triable to a jury.

Dated:  July 7, 2008                    JACZKO GODDARD LLP
                                        NIRO, SCAVONE, HALLER & NIRO

                                  By:   s/Allison H. Goddard
                                        Allison H. Goddard
                                        Attorneys for Defendants

InsWeb Corporation v. Autobytel, Inc., et al.
USDC Case No. 08cv0447 WQH LSP

# PROOF OF SERVICE
[CCP 1013A (3) and 2015.5]

I am employed in the City and County of San Diego, State of California. I am over the age of 18 and not a party to the within action. I am familiar with the practice of Jaczko Goddard LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection. My business address is 4401 Eastgate Mall, San Diego, California, 92121.

On July 7, 2008, I caused to be served the attached:

**ANSWER AND COUNTERCLAIMS OF AUTOBYTEL, INC., AUTOBYTEL 1 CORP., F/K/A AVV, INC. AND DOMINION ENTERPRISES TO PLAINTIFFS' SECOND AMENDED COMPLAINT; JURY TRIAL DEMAND**

☒ [BY MAIL] I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Jaczko Goddard LLP, San Diego, California, following ordinary business practices.

☒ [ELECTRONICALLY] I filed a true copy of the foregoing documents electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record who have consented to electronic service as identified on the Notice of Electronic Filing.

## SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 7, 2008 at San Diego, California.

s/Allison H. Goddard
Allison H. Goddard

1

Proof of Service                                                                 08cv0447 WQH LSP

| | | |
|---|---|---|
| 1 | InsWeb Corporation v. Autobytel, Inc., et al. | |
| 2 | USDC Case No. 08cv0447 WQH LSP | |
| 3 | Rickey L. Faulkner | |
| 4 | (rick@faulknerlawoffice.com) LAW OFFICE OF RICKEY L. FAULKNER, P.C. | |
| 5 | 431 N. Center Longview, TX 75601 | |
| 6 | Telephone: (903) 248-8246 Facsimile: (903) 248-8249 | |
| 7 | | |
| 8 | Matthew D. Murphey | **ATTORNEYS FOR AUTO INTERNET MARKETING, INC.** |
| 9 | (mmurphey@gordonrees.com) Eric M. Jaegers (ejaegers@gordonrees.com) | |
| 10 | GORDON & REES, LLP 2100 Ross Avenue – Suite 2800 | |
| 11 | Dallas, TX 75201 Telephone: (214) 231-4660 | |
| 12 | Facsimile: (214) 461-4053 | |
| 13 | | |
| 14 | William M. Parrish (bparrish@winstead.com) Michael P. Adams (madams@winstead.com) | **ATTORNEYS FOR INSWEB CORPORATION** |
| 15 | H. Carl Myers (cmyers@winstead.com) Brian Mangum (bmangum@winstead.com) | |
| 16 | WINSTEAD PC 401 Congress Avenue - Suite 2100 | |
| 17 | Austin, TX 787901 Telephone: (512) 370-2800 | |
| 18 | Facsimile: (512) 370-2850 | |
| 19 | Callie A. Bjurstrom (cbjurstrom@luce.com) | **ATTORNEYS FOR PLAINTIFFS** |
| 20 | Michelle A. Herrera (mherrera@luce.com) LUCE, FORWARD, HAMILTON & SCRIPPS LLP | |
| 21 | 600 West Broadway, Suite 2600 San Diego, California 92101-3372 | |
| 22 | Telephone: (619) 236-1414 Facsimile: (619) 232-8311 | |
| 23 | | |
| 24 | Barton E. Showalter (bart.showalter@bakerbotts.com) | **ATTORNEYS FOR LEADPOINT, INC.** |
| 25 | Douglas M. Kubehl (doug.kubehl@bakerbotts.com) | |
| 26 | David O. Taylor (david.taylor@bakerbotts.com) BAKER BOTTS, LLP | |
| 27 | 2001 Ross Avenue Dallas, TX 75201-2980 | |
| 28 | Telephone: (214) 953-6500 Facsimile: (214) 953-6503 | |

2

Proof of Service                                                                                                08cv0447 WQH LSP

| | | |
|---|---|---|
| 1 | InsWeb Corporation v. Autobytel, Inc., et al.<br>USDC Case No. 08cv0447 WQH LSP | |
| 2 | | |
| 3 | Patrick A. Faioli, Jr.<br>David Bricker | **ATTORNEY FOR INTERNET BRANDS, INC.** |
| 4 | MOLDO DAVIDSON FRAIOLI SEROR<br> & SESTANOVICH LLP | |
| 5 | 21st Floor<br>2029 Century Park East | |
| 6 | Los Angeles, CA 90067<br>Telephone:     (310) 551-3100 | |
| 7 | Facsimile:     (310) 551-0238<br> pfraioli@mdfslaw.com | |
| 8 | dbricker@mdfslaw.com | |

3

Proof of Service                                                                                             08cv0447 WQH LSP