1  Callie A. Bjurstrom, State Bar No. 137816
   Michelle A. Herrera, State Bar No. 209842
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311
   cbjurstrom@luce.com
5  mherrera@luce.com

6  Attorneys for Plaintiffs

7  William M. Parrish (*Pro Hac Vice*)
   Michael P. Adams (*Pro Hac Vice*)
8  H. Carl Myers (*Pro Hac Vice*)
   Brian Mangum, State Bar No. 242208
9  WINSTEAD PC
   401 Congress Avenue, Suite 2100
10 Austin, TX 78701
   Telephone No.: 512.370.2800
11 Fax No.: 512.370.2850
   wparrish@winstead.com
12 madams@winstead.com
   cmyers@winstead.com
13 bmangum@winstead.com

14 Attorneys for Plaintiffs INSWEB CORPORATION and
   AUTO INTERNET MARKETING, INC.
15
   Barton E. Showalter (*Pro Hac Vice* Application Pending)
16 Douglas M. Kubehl (*Pro Hac Vice* Application Pending)
   David O. Taylor (*Pro Hac Vice* Application Pending)
17 BAKER BOTTS L.L.P.
   2001 Ross Avenue
18 Dallas, Texas 75201-2980
   Telephone No.: 214.953.6500
19 Fax No.: 214.953.6503

20 Attorneys for Plaintiff LEADPOINT, INC.

21 Patrick A. Fraioli, Jr., State Bar No. 191824
   David Briker, State Bar No. 158896
22 Rowena Santos, State Bar No. 210185
   MOLDO DAVIDSON FRAIOLI SEROR & SESTANOVICH LLP
23 21st Floor
   2029 Century Park East
24 Los Angeles, CA 90067
   Telephone No.: 310.551.3100
25 Fax No.: 310.551.0238

26 Attorneys for Plaintiff INTERNET BRANDS, INC.

27

28 / / /

Case 3:08-cv-00447-WQH-LSP    Document 35    Filed 07/28/2008    Page 2 of 4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSWEB CORPORATION, LEADPOINT, INC., INTERNET BRANDS, INC., AND AUTO INTERNET MARKETING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AUTOBYTEL, INC., AUTOBYTEL I CORP., f/k/a AVV, INC., DOMINION ENTERPRISES, RETENTION PERFORMANCE MARKETING, INC., AND ONECOMMAND, INC.<br><br>Defendants. | Case No. 08-CV-0447 WQH (LSP)<br><br>**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF DEFENDANTS AUTOBYTEL, INC., AUTOBYTEL I CORP., F/K/A AVV, INC., AND DOMINION ENTERPRISES** |

Plaintiffs, InsWeb Corporation ("InsWeb"), LeadPoint, Inc. ("LeadPoint"), Internet Brands, Inc. ("Internet Brands"), and Auto Internet Marketing, Inc. ("AIM") (collectively, "Plaintiffs") file this Answer to the Counterclaims of Autobytel, Inc. ("Autobytel"), Autobytel I Corporation, formerly known as AVV, Inc. ("AVV"), and Dominion Enterprises ("Dominion Enterprises") (collectively, "Defendants"). The numbered paragraphs below correspond to those presented in Defendants' Counterclaims. Except as expressly admitted below, Plaintiffs deny the allegations and characterizations in Defendants' Counterclaims.

**I. DEFENDANTS' COUNTERCLAIMS**

1. Upon information and belief, admitted.

2    Case No. 08-CV-0447 WQH (LSP)

| | | |
|---|---|---|
| 2. | Upon information and belief, admitted. |
| 3. | Upon information and belief, admitted. |
| 4. | Admitted. |
| 5. | Admitted. |
| 6. | Admitted. |
| 7. | Admitted. |

8. Plaintiffs admit that this Court has subject matter jurisdiction over any counterclaims and admits that venue is appropriate in this District.

9. Denied. As stated in Paragraph 8 of Plaintiffs' Second Amended Complaint for Patent Infringement, Plaintiffs are co-owners of all rights, title, and interest in and each has standing to sue for infringement of the '597 patent.

10. Paragraph 10 contains no allegations.

11. Plaintiffs admit that they have filed suit alleging that Defendants have infringed the '597 patent.

12. Denied.

13. Plaintiffs admit that an actual and justiciable controversy exists as to the infringement of the '597 Patent, but deny that the allegations of Defendants' counterclaims are proper for declaratory judgment because they merely constitute a cumulative mirror-image of Plaintiffs' affirmative claims for relief.

14. Denied.

15. Paragraph 15 contains no allegations.

16. Plaintiffs admit that they have filed suit alleging that Defendants have infringed the '597 patent.

17. Denied.

18. Plaintiffs admit that an actual and justiciable controversy exists as to the infringement of the '597 Patent, but deny that the allegations of Defendants' counterclaims are proper for declaratory judgment because they merely constitute a cumulative mirror-image of Plaintiffs' affirmative claims for relief.

19. Denied.

## II. AFFIRMATIVE DEFENSES

1. Defendants' counterclaims should be dismissed because they are merely cumulative of Plaintiffs' claims for relief.

2. Defendants' Counterclaims should be dismissed because they fail to state a claim for which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that Defendants take nothing against Plaintiffs by reason of their counterclaims against Plaintiffs, that Plaintiffs be awarded the relief sought in their Second Amended Complaint, that the Court dismiss Defendants' Counterclaims against Plaintiffs in their entirety with prejudice, that Plaintiffs be awarded their costs of suit, including attorneys' fees, and that the Court grant such other and further relief as it deems just and proper.

DATED: July 28, 2008                LUCE, FORWARD, HAMILTON & SCRIPPS LLP


                                    By: s/Callie A. Bjurstrom
                                        Callie A. Bjurstrom
                                        Michelle A. Herrera
                                        Attorneys for Plaintiffs

101109009.1