John Christopher Jaczko, State Bar No. 149317
Allison H. Goddard, State Bar No. 211098
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 550-6150
Fax: (858) 225-3500
cjaczko@jaczkogoddard.com
agoddard@jaczkogoddard.com

Timothy J. Haller (*Pro Hac Vice*)
Gregory P. Casimer (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Nicholas M. Dudziak (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL  60602
Telephone:  (312) 236-0733
Fax:  (312) 236-3137

**Attorneys for Defendants
RETENTION PERFORMANCE
MARKETING, INC. AND ONECOMMAND INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSWEB CORPORATION, LEADPOINT, INC., INTERNET BRANDS, INC. AND AUTO INTERNET MARKETING, INC. | Case No. 08cv0447 WQH LSP |
| Plaintiffs, | **ANSWER AND COUNTERCLAIMS OF RETENTION PERFORMANCE MARKETING, INC. AND ONECOMMAND INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| AUTOBYTEL INC., AUTOBYTEL 1 CORP., F/K/A AVV, INC., DOMINION ENTERPRISES, RETENTION PERFORMANCE MARKETING, INC. AND ONECOMMAND INC. | **JURY TRIAL DEMAND** |
| Defendants. | |

Defendants Retention Performance Marketing, Inc. and OneCommand, Inc. (collectively, the "OneCommand Defendants") hereby respond for themselves and no other defendants to the Second Amended Complaint of Plaintiffs InsWeb Corporation, Leadpoint, Inc., Internet Brands, Inc. and Auto Internet Marketing, Inc. (collectively, "Plaintiffs"), filed on June 16, 2008, as follows:

## ANSWER

### NATURE OF ACTION

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281.

**ANSWER:**   OneCommand Defendants admit that Plaintiffs' Second Amended Complaint purports to state a claim arising under the patent laws of the United States, but deny Plaintiffs' Second Amended Complaint states a valid claim.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**ANSWER:**   OneCommand Defendants admit that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States, but deny Plaintiffs' Second Amended Complaint states a valid claim.

3.      Defendants are subject to personal jurisdiction in this judicial district because, upon information and belief, each Defendant has transacted and is transacting business and has regularly solicited and is soliciting business in California and specifically in this district.

**ANSWER:**   Admitted.

4.      Defendants are also subject to personal jurisdiction in this judicial district because, upon information and belief, each Defendant has committed and/or is committing acts of infringement in this judicial district.

**ANSWER:**   Denied.

5.      Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(b), as each defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this judicial district.

**ANSWER:**     OneCommand Defendants admit that venue is proper; all other allegations are denied.

## PLAINTIFFS AND THE PATENT-IN-SUIT

6.     The patent-in-suit is United States Patent No. 6,898,597 ("the '597 patent"), entitled "Event Log" (Exhibit A).  The '597 patent was filed on November 9, 1999 and issued on May 24, 2005.

**ANSWER:**     OneCommand Defendants admit that a copy of United States Patent No. 6,898,597 ("the '597 patent"), entitled "Event Log" is attached as Exhibit A to Plaintiffs' Second Amended Complaint.  OneCommand Defendants further admit that the '597 patent indicates that it was filed on November 9, 1999 and issued on May 24, 2005.

7.     InsWeb is a corporation organized and existing under the laws of the State of Delaware and has its principal offices at 11290 Pyrites Way, Suite 200, Gold River, California 95670.  Plaintiff LeadPoint is a Delaware Corporation with its principal offices at 1661 San Vincente Boulevard, Suite 800, Los Angeles, California   90049. Internet Brands is a Delaware Corporation with its principal offices at 909 North Sepulveda Boulevard, 11th Floor, El Segundo, California  90245.  AIM is a Corporation with its principal offices at 2495 Enterprise Road, Suite 201, Clearwater, Florida  33763.

**ANSWER:**     OneCommand Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

8.     Plaintiffs are co-owners of all rights, title, and interest in and each has standing to sue for infringement of the '597 patent.

**ANSWER:**     OneCommand Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

9.     Plaintiffs have complied with the requirements of 35 U.S.C. § 287 to the extent such requirements are applicable to this suit.

**ANSWER:**     OneCommand Defendants are without sufficient information to admit or deny these allegations, therefore the allegations are denied.

## DEFENDANT AUTOBYTEL

10.     Defendant Autobytel is a Delaware corporation with its principal place of business at 18872 MacArthur Boulevard, Irvine, California 92612.  Defendant Autobytel may

be served through its registered agent for service of process, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

11.    Defendant Autobytel, directly or by and through its subsidiaries, agents, representatives, and/or assignees, marketed and/or sold the WebControl internet lead management software product ("WebControl") and marketed and/or sold its Retention Performance Marketing technology ("RPM technology") (collectively, WebControl and the RPM technology shall be referred to herein as the "Technology").

**ANSWER:**    OneCommand Defendants admit that up until June 29, 2007, Autobytel Inc. directly or indirectly marketed and/or sold RPM Technology. OneCommand Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph; therefore the allegations are denied.

12.    Upon information and belief, Defendant Autobytel, directly or through its agents, representatives, and/or assignees, has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent.  Defendant Autobytel's infringing activities have occurred at least through the operation, sale, and/or promotion of the Technology.

**ANSWER:**    Denied.

13.    Autobytel's acts of infringement have injured Plaintiffs.    Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**    Denied.

14.    Autobytel, by and through its wholly-owned subsidiary, Defendant AVV, purported to sell assets infringing on Plaintiffs' '597 patent, including but not limited to purported rights in the Web Control technology, to Defendant Dominion Enterprises pursuant to an Asset Purchase Agreement dated January 23, 2008.  In connection with the sale, certain contracts relating to AVV's business were assigned to Defendant Dominion Enterprises.  The purchase price pursuant to that agreement was $22,750,000.  Autobytel, by and through its affiliated business, Defendant RPM, sold its Retention Performance Marketing business, including but not limited to purported rights in the RPM technology infringing on Plaintiffs' '597 patent to Defendant One Command (formerly known as Call Command) pursuant to a Stock Purchase Agreement dated June 29, 2007.  In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand.  The purchase price pursuant to that agreement was $7,660,840.

**ANSWER:**    OneCommand Defendants admit that pursuant to a Stock Purchase Agreement dated June 29, 2007, Autobytel sold 100% of the outstanding capital stock of Retention Performance Marketing, Inc., Autobytel's then-subsidiary, including RPM's Retention Performance Marketing business and the related RPM Technology, to Defendant OneCommand (formerly known as Call Command).    OneCommand Defendants also admit that certain contracts related to RPM's business were assigned to Defendant OneCommand.    OneCommand Defendants further admit that that the purchase price pursuant to that agreement was $7,000,000, plus a working capital adjustment of approximately $687,719.    OneCommand Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph; therefore the allegations are denied.

### DEFENDANT AVV

15.    Defendant Autbobytel I Corporation is a Delaware corporation formerly known as AVV, Inc. and referred to herein as "AVV."    AVV is a wholly-owned subsidiary of Defendant Autobytel.  Upon information and belief, AVV's principal place of business is 9200 Worthington Road, Westerville, Ohio 43082. Defendant AVV may be served through its registered agent for service of process, CT Corporation System, at 818 West Seventh Street, Los Angeles, California 90017.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

16.    Defendant AVV, directly or by and through its parent, agents, representatives, and/or assignees, developed, marketed, and/or sold the WebControl internet lead management software product ("WebControl").

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

17.    Upon information and belief, AVV has infringed one or more claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent.    AVV's infringing activities have occurred at least through the creation, operation, sale, and/or promotion of WebControl.

**ANSWER:**    Denied.

18.    Pursuant to an Asset Purchase agreement dated January 23, 2008, Defendant AVV purported to sell assets infringing on Plaintiffs' '597 patent, including but not limited to

WebControl, to Defendant Dominion Enterprises. In connection with the sale, certain contracts relating to AVV's business were assigned to Defendant Dominion Enterprises. The purchase price pursuant to that agreement was $22,750,000.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

### DEFENDANT DOMINION ENTERPRISES

19.    On information and belief, Defendant Dominion Enterprises is a general partnership organized under the laws of the State of Virginia.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

20.    Dominion Enterprises entered into an Asset Purchase Agreement with Defendants Autobytel and AVV on or about January 23, 2008, for a purchase price of $22,750,000.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

21.    (Paragraph 21 omitted by Plaintiffs).

22.    Pursuant to that agreement, Dominion Enterprises purchased from Defendants Autobytel and AVV certain assets, including but not limited to the WebControl internet lead management software product ("WebControl"), that infringes on the invention that is the subject of the '597 patent. Certain contracts relating to AVV's business were also assigned to Dominion Enterprises in connection with that agreement.

**ANSWER:**    OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

23.    Upon information and belief, Dominion Enterprises has infringed one or more claims of the '597 patent in violation of 35 U.S.C. §271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent. Dominion Enterprises' infringing activities have occurred at least through the operation, sale, and/or promotion of the WebControl software.

**ANSWER:**    Denied.

24.    Upon information and belief, Defendant Dominion Enterprises continues to promote, advertise, offer for sale and sell the infringing products, including WebControl.

**ANSWER:**     OneCommand Defendants are without sufficient information to admit or deny the allegations in this paragraph; therefore the allegations are denied.

25.     Dominion Enterprises' acts of infringement have injured Plaintiffs. Accordingly, Plaintiffs are entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**     Denied.

26.     Dominion Enterprises' acts of infringement will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the claimed inventions in the '597 patent.

**ANSWER:**     Denied.

## **DEFENDANT RPM**

27.     Defendant Retention Performance Marketing, Inc. ("RPM") is a Delaware corporation with its principal place of business at 1892 MacArthur Boulevard, Suite 200, Irvine, California 92612.  Defendant RPM may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

**ANSWER:**     OneCommand Defendants deny that RPM's principal place of business is 1892 MacArthur Boulevard, Suite 200, Irvine, California 92612; all other allegations in this paragraph are admitted.

28.     Defendant RPM, directly or by and through its subsidiaries, agents, representatives, and/or assignees, marketed and/or sold the infringing RPM technology.

**ANSWER:**     OneCommand Defendants admit that when RPM was a subsidiary of Autobytel Inc. prior to June 29, 2007, RPM marketed and/or sold the RPM Technology; all other allegations in this paragraph are denied.  .

29.     Upon information and belief, Defendant RPM, directly or through its agents, representatives, and/or assignees, has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent.  Defendant RPM's infringing activities have occurred at least through the operation, sale, and/or promotion of the RPM technology.

1

**ANSWER:**    Denied.

2

3

    30.    RPM's acts of infringement have injured Plaintiffs.  Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

4

**ANSWER:**    Denied.

5

6

    31.    RPM purported to sell its Retention Performance Marketing business, including the purported interest in the RPM technology infringing on Plaintiffs' '597 patent, to Defendant OneCommand pursuant to a Stock Purchase Agreement dated June 29, 2007.  In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand.  The purchase price pursuant to that agreement was $7,660,840.

7

8

9

**ANSWER:**    OneCommand Defendants admit that when RPM was a subsidiary of Autobytel Inc., on June 29, 2007 Autobytel Inc. entered into a Stock Purchase Agreement between with Call Command for the purchase price of $7,000,000 with a working capital adjustment of $687,719.  All other allegations in this paragraph are denied.

10

11

12

### DEFENDANT ONECOMMAND

13

    32.    On Information and belief, Defendant OneCommand, Inc., formerly known as Call Command, Inc. ("OneCommand") is a Delaware corporation that may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

14

15

16

**ANSWER:**    Admitted.

17

    33.    OneCommand entered into a Stock Purchase Agreement with Defendants Autobytel and RPM on or about June 29, 2007 for a purchase price of $7,660,840.

18

**ANSWER:**    OneCommand Defendants admit when RPM was a subsidiary of Autobytel Inc., on June 29, 2007 Autobytel Inc. entered into a Stock Purchase Agreement with Call Command for the purchase price of $7,000,000 with a working capital adjustment of $687,719.

19

20

21

    34.    Pursuant to that agreement, OneCommand purchased from Defendant Autobytel and RPM certain assets, including but not limited to a purported interest in the RPM technology that infringes on the invention that is the subject of the '597 patent.  In connection with the sale, certain contracts relating to RPM's business were assigned to Defendant OneCommand.

22

23

24

**ANSWER:**    OneCommand Defendants admit that when RPM was a subsidiary of Autobytel Inc. prior to June 29, 2007; pursuant to a Stock Purchase Agreement, Call Command purchased 100% of stock of RPM, and in connection with the sale, certain contracts relating to RPM's business were assigned; all other allegations in this paragraph are denied.

35.    Upon information and belief, OneCommand has infringed one or more of the claims of the '597 patent in violation of 35 U.S.C. § 271 by, without authority, (1) making, using, offering to sell and selling systems and/or methods that embody the invention claimed in the '597 patent; and/or (2) actively inducing and/or contributing to others' infringement of the invention claimed in the '597 patent.  OneCommand's infringing activities have occurred at least through the operation, sale, and/or promotion of the RPM technology.

**ANSWER:**    Denied.

36.    Upon information and belief, Defendant OneCommand continues to promote, advertise, offer for sale and sell the infringing products, including the RPM technology.

**ANSWER:**    Denied.

37.    OneCommand's acts of infringement have injured Plaintiffs.  Accordingly, Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**    Denied.

38.    OneCommand's acts of infringement will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the claimed inventions in the '597 patent.

**ANSWER:**    Denied.

## AFFIRMATIVE DEFENSES

OneCommand Defendants assert the following Affirmative Defenses against Plaintiffs' claims and reserve the right to further amend its responses as additional information becomes available:

1.    Retention Performance Marketing, Inc. and OneCommand, Inc. have not and do not infringe any valid claim of the '597 patent, nor has Retention Performance Marketing, Inc. and OneCommand, Inc. knowingly contributed to or induced the infringement of others by

willfully and intentionally aiding, assisting and encouraging the alleged infringement of the '597 patent.

2.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §102(a) on the ground that the claimed invention was "known or used" by others prior to the alleged invention thereof by the named inventor of said patent.

3.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §102(b) on the ground that the claimed invention was patented, described in a printed publication, in public use or was on sale more than one year prior to the date of the application for patent.

4.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §103 on the ground that the claimed invention would have been obvious to one of ordinary skill in the art at the time the invention was made.

5.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the inventors failed to disclose the best mode to practice the invention.

6.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the patent is not enabling.

7.     The claims of the '597 patent are invalid and/or unenforceable under 35 U.S.C. §112 on the ground that the claims are indefinite and that the written description is inadequate.

8.     Plaintiffs are estopped from construing any claim of the '597 patent to cover or include any product, process, device, component or structure made, used, sold or offered for sale by Defendants because of positions taken during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '597 patent.

9.     Defendants adopt and incorporate herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the

extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.  No affirmative defense is waived.

## COUNTERCLAIMS

Counter-Plaintiffs, Retention Performance Marketing, Inc. and OneCommand, Inc. (collectively "Counter-Plaintiffs"), allege the following Counterclaims against Counter-Defendants, InsWeb Corporation, Leadpoint, Inc., Internet Brands, Inc. and Auto Internet Marketing, Inc. ("InsWeb"), as follows:

## PARTIES

1.      Retention Performance Marketing, Inc. is a Delaware corporation with its principal place of business at 11500 Northlake Drive, Suite 240, Cincinnati, Ohio  45249.

2.      OneCommand, Inc. is a Delaware corporation formerly known as CallCommand, with a principal place of business at 11500 Northlake Drive, Suite 240 Cincinnati, Ohio 45249.

3.      Upon information and belief, InsWeb Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal offices at 11290 Pyrites Way, Suite 200, Gold River, California 95670.

4.      Upon information and belief, LeadPoint, Inc. is a Delaware Corporation with its principal offices at 1661 San Vincente Boulevard, Suite 800, Los Angeles, California  90049.

5.      Upon information and belief, Internet Brands, Inc. is a Delaware Corporation with its principal offices at 909 North Sepulveda Boulevard, 11th Floor, El Segundo, California 90245.

6.      Upon information and belief, Auto Internet Marketing, Inc. is a Corporation with its principal offices at 2495 Enterprise Road, Suite 201, Clearwater, Florida  33763.

1

**JURISDICTION AND VENUE**

2        7.      This Court has subject matter jurisdiction over the patent infringement

3   counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a).  By its Second Amended Complaint,

4   InsWeb has submitted itself to the jurisdiction and venue of this Court and has created an actual

5   controversy with Counter-Plaintiffs.  Venue in the district is proper pursuant to 28 U.S.C. §§

6   1391 and 1400(b).

7        8.      On information and belief, InsWeb owns all of the substantial rights in U.S.

8   Patent 6,898,597 for an alleged invention entitled "Event Log."

9

**FIRST COUNTERCLAIM**

10

(Declaratory Judgment for Non-Infringement of the '597 Patent)

11       9.      Counter-Plaintiffs re-allege and incorporate herein by reference the allegations of

12  paragraphs 1-5 above as though fully set forth.

13       10.     InsWeb has filed suit against Counter-Plaintiffs and others alleging in its Second

14  Amended Complaint that Counter-Plaintiffs have infringed the '597 patent.  As a result of the

15  filing of the lawsuit and these allegations, Counter-Plaintiffs have a reasonable apprehension that

16  InsWeb will continue to assert the '597 patent against Counter-Plaintiffs.

17       11.     Counter-Plaintiffs have not infringed, and are not infringing, whether directly,

18  indirectly, contributorily or by inducement, or otherwise, any valid claims of the '597 patent.

19       12.     An actual and justiciable controversy exists between Counter-Plaintiffs and

20  InsWeb regarding Counter-Plaintiffs' non-infringement of the '597 patent that is within the

21  jurisdiction of this Court.

22       13.     By reason of the foregoing, Counter-Plaintiffs are entitled to a declaratory

23  judgment by this Court that Counter-Plaintiffs do not infringe any claim of the '597 patent.

24

Case No. 08cv0447 WQH LSP

### SECOND COUNTERCLAIM

(Declaratory Judgment for Invalidity of the '597 Patent)

14.     Counter-Plaintiffs re-allege and incorporate herein by reference the allegations of paragraphs 1-10 above as though fully set forth.

15.     InsWeb has filed suit against Counter-Plaintiffs and others alleging in its Second Amended Complaint that Counter-Plaintiffs have infringed the '597 patent.  As a result of the filing of the lawsuit and these allegations, Counter-Plaintiffs have a reasonable apprehension that InsWeb will continue to assert the '597 patent against Counter-Plaintiffs.

16.     One or more claims of the '597 patent are invalid under one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

17.     An actual and justiciable controversy exists between Counter-Plaintiffs and InsWeb regarding the invalidity of the '597 patent that is within the jurisdiction of this Court.

18.     Based upon the foregoing, Counter-Plaintiffs are entitled to a declaratory judgment by this Court that one or more claims of the '597 patent is invalid.

### JURY DEMAND

Counter-Plaintiffs demand a trial by jury on all issues properly triable to a jury.

### PRAYER FOR RELIEF

WHEREFORE, Retention Performance Marketing, Inc. and OneCommand, Inc. request the following relief:

A.     Dismissal of InsWeb's Second Amended Complaint, with prejudice, including an award to Retention Performance Marketing, Inc. and OneCommand, Inc. of their reasonable costs and attorneys' fees;

1    B.    A declaration that Retention Performance Marketing, Inc. and OneCommand, Inc.
2          have not infringed, induced infringement or contributed to the infringement of any
3          claim of the '597 patent;
4    C.    A declaration that the '597 patent is invalid and/or unenforceable;
5    D.    Judgment in favor of Retention Performance Marketing, Inc. and OneCommand,
6          Inc. on all of InsWeb's claims;
7    E.    A declaration that this case is exceptional and an award to Retention Performance
8          Marketing, Inc. and OneCommand, Inc. their attorneys' fees and costs as provided
9          by 35 U.S.C. § 285;
10   F.    Such other and further relief as this Court and/or a jury may deem proper and just.

Dated: August 4, 2008                    JACZKO GODDARD LLP
                                         NIRO, SCAVONE, HALLER & NIRO

                              By:    /s/ Allison H. Goddard
                                     Allison H. Goddard
                                     Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I caused the foregoing **ANSWER AND COUNTERCLAIMS OF RETENTION PERFORMANCE MARKETING, INC. AND ONECOMMAND. INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record who have consented to electronic service as identified on the Notice of Electronic Filing.

Rickey L. Faulkner (rick@faulknerlawoffice.com)
LAW OFFICE OF RICKEY L. FAULKNER, P.C.
431 N. Center
Longview, TX 75601
Telephone:     (903) 248-8246
Facsimile:     (903) 248-8249

Matthew D. Murphey (mmurphey@gordonrees.com)
Eric M. Jaegers (ejaegers@gordonrees.com)
GORDON & REES, LLP
2100 Ross Avenue – Suite 2800
Dallas, TX 75201
Telephone:     (214) 231-4660
Facsimile:     (214) 461-4053
***Attorneys for Auto Internet Marketing, Inc.***

William M. Parrish (bparrish@winstead.com)
Michael P. Adams (madams@winstead.com)
H. Carl Myers (cmyers@winstead.com)
Brian Mangum (bmangum@winstead.com)
WINSTEAD PC
401 Congress Avenue - Suite 2100
Austin, TX 787901
Telephone:     (512) 370-2800
Facsimile:     (512) 370-2850
***Attorneys for Insweb Corporation***

Callie A. Bjurstrom (cbjurstrom@luce.com)
Michelle A. Herrera (mherrera@luce.com)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California  92101-3372
Telephone:  (619) 236-1414
Facsimile: (619) 232-8311
***Attorneys for Plaintiffs***

Barton E. Showalter (bart.showalter@bakerbotts.com)
Douglas M. Kubehl (doug.kubehl@bakerbotts.com)
David O. Taylor (david.taylor@bakerbotts.com)
BAKER BOTTS, LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
***Attorneys for Leadpoint, Inc.***

Patrick A. Faioli, Jr.
David Bricker
MOLDO DAVIDSON FRAIOLI SEROR
 & SESTANOVICH LLP
21st Floor
2029 Century Park East
Los Angeles, CA 90067
Telephone:    (310) 551-3100
Facsimile:    (310) 551-0238
 pfraioli@mdfslaw.com
dbricker@mdfslaw.com
***Attorney for Internet Brands, Inc.***


                              /s/ Allison H. Goddard