| | |
|---|---|
| 1 | Callie A. Bjurstrom, State Bar No. 137816 |
| | Michelle A. Herrera, State Bar No. 209842 |
| 2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
| | 600 West Broadway, Suite 2600 |
| 3 | San Diego, California 92101-3372 |
| | Telephone No.: 619.236.1414 |
| 4 | Fax No.: 619.232.8311 |
| | cbjurstrom@luce.com |
| 5 | mherrera@luce.com |
| 6 | Attorneys for Plaintiffs |
| 7 | William M. Parrish (*Pro Hac Vice*) |
| | Michael P. Adams (*Pro Hac Vice*) |
| 8 | H. Carl Myers (*Pro Hac Vice*) |
| | Brian Mangum, State Bar No. 242208 |
| 9 | WINSTEAD PC |
| | 401 Congress Avenue, Suite 2100 |
| 10 | Austin, TX 78701 |
| | Telephone No.: 512.370.2800 |
| 11 | Fax No.: 512.370.2850 |
| | wparrish@winstead.com |
| 12 | madams@winstead.com |
| | cmyers@winstead.com |
| 13 | bmangum@winstead.com |
| 14 | Attorneys for Plaintiffs INSWEB CORPORATION and |
| | AUTO INTERNET MARKETING, INC. |
| 15 | |
| | Barton E. Showalter (*Pro Hac Vice* Application Pending) |
| 16 | Douglas M. Kubehl (*Pro Hac Vice* Application Pending) |
| | David O. Taylor (*Pro Hac Vice* Application Pending) |
| 17 | BAKER BOTTS L.L.P. |
| | 2001 Ross Avenue |
| 18 | Dallas, Texas 75201-2980 |
| | Telephone No.: 214.953.6500 |
| 19 | Fax No.: 214.953.6503 |
| 20 | Attorneys for Plaintiff LEADPOINT, INC. |
| 21 | Patrick A. Fraioli, Jr., State Bar No. 191824 |
| | David Briker, State Bar No. 158896 |
| 22 | Rowena Santos, State Bar No. 210185 |
| | MOLDO DAVIDSON FRAIOLI SEROR & SESTANOVICH LLP |
| 23 | 21st Floor |
| | 2029 Century Park East |
| 24 | Los Angeles, CA 90067 |
| | Telephone No.: 310.551.3100 |
| 25 | Fax No.: 310.551.0238 |
| 26 | Attorneys for Plaintiff INTERNET BRANDS, INC. |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSWEB CORPORATION, LEADPOINT, INC., INTERNET BRANDS, INC., AND AUTO INTERNET MARKETING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AUTOBYTEL, INC., AUTOBYTEL I CORP., f/k/a AVV, INC., DOMINION ENTERPRISES, RETENTION PERFORMANCE MARKETING, INC., AND ONECOMMAND, INC.<br><br>Defendants. | Case No. 08-CV-0447 WQH (LSP)<br><br>**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF DEFENDANTS RETENTION PERFORMANCE MARKETING, INC, AND ONECOMMAND, INC.** |

   Plaintiffs, InsWeb Corporation ("InsWeb"), LeadPoint, Inc. ("LeadPoint"), Internet Brands, Inc. ("Internet Brands"), and Auto Internet Marketing, Inc. ("AIM") (collectively, "Plaintiffs") file this Answer to the Counterclaims of Retention Performance Marketing, Inc. ("RPM") and OneCommand, Inc. ("OneCommand") (collectively, "Defendants"). The numbered paragraphs below correspond to those presented in Defendants' Counterclaims. Except as expressly admitted below, Plaintiffs deny the allegations and characterizations in Defendants' Counterclaims.

### I. DEFENDANTS' COUNTERCLAIMS

   1.   Upon information and belief, admitted.

   2.   Upon information and belief, admitted.

1   3.   Admitted.

2   4.   Admitted.

3   5.   Admitted.

4   6.   Admitted.

5   7.   Plaintiffs admit that this Court has subject matter jurisdiction over any counterclaims
6   and admit that venue is appropriate in this District.

7   8.   Denied. As stated in Paragraph 8 of Plaintiffs' Second Amended Complaint for Patent
8   Infringement, Plaintiffs are co-owners of all rights, title, and interest in and each has standing to sue
9   for infringement of the '597 patent.

10   9.   Paragraph 9 contains no allegations.

11   10.   Plaintiffs admit that they have filed suit alleging that Defendants have infringed the
12   '597 patent.

13   11.   Denied.

14   12.   Plaintiffs admit that an actual and justiciable controversy exists as to the infringement
15   of the '597 Patent, but deny that the allegations of Defendants' counterclaims are proper for
16   declaratory judgment because they merely constitute a cumulative mirror-image of Plaintiffs'
17   affirmative claims for relief.

18   13.   Denied.

19   14.   Paragraph 14 contains no allegations.

20   15.   Plaintiffs admit that they have filed suit alleging that Defendants have infringed the
21   '597 patent.

22   16.   Denied.

23   17.   Plaintiffs admit that an actual and justiciable controversy exists as to the infringement
24   of the '597 Patent, but deny that the allegations of Defendants' counterclaims are proper for
25   declaratory judgment because they merely constitute a cumulative mirror-image of Plaintiffs'
26   affirmative claims for relief.

27   18.   Denied.

28

## II. AFFIRMATIVE DEFENSES

1. Defendants' counterclaims should be dismissed because they are merely cumulative of Plaintiffs' claims for relief.

2. Defendants' counterclaims should be dismissed because they fail to state a claim for which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that Defendants take nothing against Plaintiffs by reason of their counterclaims against Plaintiffs, that Plaintiffs be awarded the relief sought in their Second Amended Complaint, that the Court dismiss Defendants' Counterclaims against Plaintiffs in their entirety with prejudice, that Plaintiffs be awarded their costs of suit, including attorneys' fees, and that the Court grant such other and further relief as it deems just and proper.

DATED: August 25, 2008        LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: /s/Michelle A. Herrera
Callie A. Bjurstrom
Michelle A. Herrera
Attorneys for Plaintiffs

101114618.1